IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ROGER D. LOWERY and PAULA L. LOWERY,

Plaintiffs,

v.

DEPARTMENT OF REVENUE, State of Oregon,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

TC-MD 210295R

**DECISION**

Plaintiffs appealed Defendant's Notices of Assessment for the 2014, 2015, and 2016 tax years. A remote trial via WebEx was held on November 30, 2022. Gordon Checketts (Checketts), certified public accountant (CPA), appeared and testified on behalf of Plaintiffs. Richard Henshaw, department auditor, appeared and testified on behalf of Defendant. No exhibits were admitted into evidence.[1]

## I. STATEMENT OF FACTS

The parties stipulated to the amount of Plaintiffs' unreported income as follows: $6,701 for the 2014 tax year; zero for the 2015 tax year; and $7,691 for the 2016 tax year. The only testimony presented on behalf of Plaintiffs was from their CPA, Checketts. Plaintiffs were not available to testify for trial. Checketts testified that he prepared Plaintiffs' 2014, 2015, and 2016 tax returns and represented them during Defendant's audit and conference. He testified that during the tax years in issue, Mr. Lowery operated a dump truck business and Ms. Lowery was both employed and operated a self-employed medical coding business. Checketts testified that

_____

[1] Plaintiffs did not submit exhibits in conformity with Tax Court Rule-Magistrate Division (TCR-MD) 12. Defendant did not offer their exhibits as evidence.

DECISION  TC-MD 210295R

1

only Ms. Lowery's self-employment income and expenses remained in dispute for purposes of the trial.

Checketts testified that Ms. Lowery gave him information about her coding business income and expenses and that he had no first-hand knowledge of the facts. He testified that Ms. Lowery's business required her to drive from either her home in Oregon City or from her workplace in Portland, to Salem to pick up files, at least five days per week. Checketts testified that Ms. Lowery kept a travel log documenting her mileage which may have contained a few errors, but was substantially correct.

Ms. Lowery advised Checketts that she maintained a home office in her 3,800 square foot residence, that was a separate structure containing 1,100 square feet. Checketts testified that the home office consisted of a desk, computer, printer, couch, and file cabinets. Checketts testified that Plaintiffs were unable to locate their records of their other business expenses. He testified that this may have been due to Plaintiffs' marital discord.

## II. ANALYSIS

The issues in this case are whether Plaintiffs are entitled to deductions for vehicle mileage, travel and meals, business use of a home office, cell phone, internet, and other Schedule C expenses. On all factual questions, Plaintiffs bear the burden of proof by a preponderance of the evidence. ORS 305.427.[2]

Federal law defining "taxable income" applies to this state income tax case because, subject to modifications not pertinent here, Oregon has adopted the definition of "taxable

/ / /

---

[2] References to the Oregon Revised Statutes (ORS) are to the 2013 and 2015 versions. Unless otherwise indicated, the 2013 and 2015 versions of the referenced statutes were identical.

income" found in section 63 of the Internal Revenue Code (IRC).[3] ORS 316.022(6); *see also* ORS 316.048; *see also* ORS 316.012(2).[4]

Since Plaintiffs were not present at trial, and no exhibits were admitted into evidence, the only proof of Plaintiffs' deductions is the hearsay testimony by Checketts, who by his own admission did not have personal knowledge of any of the facts he presented. Traveling expenses, including expenses for vehicle use, meals, and lodging, are subject to the strict substantiation rules of IRC section 274(d). Under that rule, no deduction is allowed unless:

> "the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift."

IRC § 274(d) (2014). No direct evidence was presented to meet the substantiation rules of IRC section 274.

As to other deductions for Schedule C expenses, business use of their home, cell phones, and internet expenses, Checketts argued that the court could make its ruling based on *Cohan v. Comm'r*, 39 F2d 540 (2nd Cir 1930). *Cohan* held that where a taxpayer establishes entitlement to a deduction but is unable to show the precise amount of the deduction, the court may estimate the amount. *Id*. at 543-44. However, such an estimation is only possible if there is a basis in the record from which a court can make a reasonable estimate. *Vanicek v. Comm'r*, 85 TC 731, 743 (1985). Here, there is insufficient evidence to even make a guess.

/ / /

---

[3] Section 63 of the IRC generally defines "taxable income" as "gross income minus the deductions allowed by this chapter * * *." IRC § 63(a) (2014).

[4] The 2015 version of ORS 316.012(1) was amended to update a date included in its text.

### III. CONCLUSION

Plaintiffs have failed to present sufficient evidence to meet their burden of proof. Now, therefore,

IT IS THE DECISION OF THIS COURT that per the parties' stipulation, the amount of Plaintiffs' unreported income is: $6,701 for the 2014 tax year; zero for the 2015 tax year; and $7,691 for the 2016 tax year. The remainder of Plaintiffs' appeal is denied.

Dated this _____ day of December 2022.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on December 20, 2022.*